UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTONY CUJCUY on behalf of himself and all
others similarly situated,

                        Plaintiff,

    -against-

JAMAICA POULTRY CORP d/b/a JAMAICA
POULTRY, JAMAICA MEAT PACKING CORP.,
ALI A. HUSSEIN, MOHAMED A. HUSSEIN a/k/a
Mohamed Ahmed, OMAR HUSSEIN a/k/a/ Omar
Thabet, MOHAMED ALTAWIL, AZIZ HAMOOD,
JOHN DOE CORPORATIONS 1-10, and RICHARD
ROES 1-10,

                        Defendants.

**COMPLAINT**


**FLSA COLLECTIVE ACTION**

Plaintiff ANTONY CUJCUY ("Plaintiff"), by and through his attorneys, on behalf of himself

and all others similarly situated, alleges, upon personal knowledge as to himself, and upon

information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action, on behalf of himself and others similarly situated, against

JAMAICA POULTRY CORP d/b/a JAMAICA POULTRY, JAMAICA MEAT PACKING

CORP., ALI A. HUSSEIN, MOHAMED A. HUSSEIN a/k/a Mohamed Ahmed, OMAR

HUSSEIN a/k/a/ Omar Thabet, MOHAMED ALTAWIL, AZIZ HAMOOD, and JOHN DOE

CORPORATIONS 1-10, and RICHARD ROES 1-10 ("Defendants"), to remedy violations of the

Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiff seeks, for

himself and all others similarly situated, declaratory and injunctive relief, unpaid overtime

1

wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action, on behalf of himself, to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §190 et seq., §§ 650 et seq., and 12 NYCRR § 142-2.2.   Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime wages, unpaid spread of hours pay, statutory penalties, liquidated damages, statutory interest, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 191, 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6.      Plaintiff ANTONY CUJCUY resides in the State of New York.

7.      Defendant JAMAICA POULTRY CORP d/b/a JAMAICA POULTRY ("Jamaica Poultry") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 207-12 Jamaica Ave., Queens Village, NY 11428.

8.     Defendant JAMAICA MEAT PACKING CORP ("Jamaica Meat Packing") is a Domestic Business Corporation registered in the State of New York with an address for service of process at 151-24 Beaver Rd., Jamaica, NY 11430.

9.     At all times relevant to this action, Defendant ALI A. HUSSEIN has been President and Chief Executive Officer and, on information and belief, an owner of, Defendants Jamaica Poultry and Jamaica Meat Packing.  As President and Chief Executive Officer of Defendants Jamaica Poultry and Jamaica Meat Packing, Defendant ALI A. HUSSEIN had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Jamaica Poultry and Jamaica Meat Packing, including Plaintiff and others similarly situated.

10.     Defendant ALI A. HUSSEIN is listed as the President and the sole officer of Defendant Jamaica Poultry on Defendants' applications with the NYS Department of Agriculture for their slaughterhouse license and he is listed as Defendant Jamaica Poultry's Chief Executive Officer with the Secretary of State's corporation records for purposes of Service of Process.

11.     At all times relevant to this action, Defendant MOHAMED A. HUSSEIN a/k/a Mohamed Ahmed has been a manager and, on information and belief, an owner of, Defendants Jamaica Poultry and Jamaica Meat Packing.  As a manager of Defendants Jamaica Poultry and Jamaica Meat Packing, Defendant MOHAMED A. HUSSEIN a/k/a Mohamed Ahmed had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Jamaica Poultry and Jamaica Meat Packing, including Plaintiff and others similarly situated, and supervised them on a daily basis.

12.     At all times relevant to this action, Defendant OMAR HUSSEIN a/k/a/ Omar Thabet has been a manager and, on information and belief, an owner of, Defendants Jamaica Poultry and Jamaica Meat Packing.  As a manager of Defendants Jamaica Poultry and Jamaica

Meat Packing, Defendant OMAR HUSSEIN a/k/a/ Omar Thabet had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Jamaica Poultry and Jamaica Meat Packing, including Plaintiff and others similarly situated, and supervised them on a daily basis.

13.      Defendant OMAR HUSSEIN a/k/a/ Omar Thabet is also listed as the Manager of Defendant Jamaica Poultry on multiple NYS Department of Agriculture inspection reports.

14.      At all times relevant to this action, Defendant MOHAMED ALTAWIL has been a manager and, on information and belief, an owner of, Defendants Jamaica Poultry and Jamaica Meat Packing.  As a manager of Defendants Jamaica Poultry and Jamaica Meat Packing, Defendant MOHAMED ALTAWIL had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Jamaica Poultry and Jamaica Meat Packing, including Plaintiff and others similarly situated, and supervised them on a daily basis.

15.      Defendant MOHAMED ALTAWIL is also listed as the Manager of Defendant Jamaica Poultry on multiple NYS Department of Agriculture inspection reports.

16.      Defendant MOHAMED ALTAWIL fired Plaintiff from his employment with Defendants.

17.      At all times relevant to this action, Defendant AZIZ HAMOOD has been an officer and, on information and belief, an owner of, Defendants Jamaica Poultry and Jamaica Meat Packing and in that capacity Defendant AZIZ HAMOOD had and exercised the power to hire, fire, and set the wages and hours of all the employees of Defendants Jamaica Poultry and Jamaica Meat Packing, including Plaintiff and others similarly situated, and supervised them on a daily basis.

18.      Defendant AZIZ HAMOOD is also listed as a Manager of Defendant Jamaica Poultry on multiple NYS Department of Agriculture inspection reports.

4

19.     Defendants Jamaica Poultry, Jamaica Meat Packing, ALI A. HUSSEIN, MOHAMED A. HUSSEIN a/k/a Mohamed Ahmed, OMAR HUSSEIN a/k/a/ Omar Thabet, MOHAMED ALTAWIL, and AZIZ HAMOOD are hereinafter collectively referred to as "Defendants".

20.     Defendants JOHN DOE CORPORATIONS 1-10 and RICHARD ROES 1-10 are various corporate entities and individuals who were involved in operating Defendants' poultry markets/slaughterhouses/stores and in managing Plaintiff and the FLSA Collective Plaintiffs. Upon discovery of their names and information, Plaintiff will seek to amend this complaint to identify them by name.

21.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

22.     At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) &(s) of the FLSA, 29 U.S.C. § 203(r)&(s).

23.     At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective Plaintiffs, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

24.     At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

25.     At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

5

26.     At all times relevant hereto, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

## **FACTUAL ALLEGATIONS**

27.     Defendants operate several New York City poultry markets/slaughterhouses/stores that sell freshly slaughtered Halal chicken, hens, ducks, roosters, guinea, and turkey, as well as goats, lambs and beef.

28.     At all times relevant to this action, Defendants employed Plaintiff, and the FLSA Collective Plaintiffs, as non-exempt workers to work in their poultry markets/slaughterhouses/stores butchering, cutting, cleaning, and selling their poultry and meat.

29.     Defendants employed Plaintiff ANTONY CUJCUY from in or about the latter part of 2019 until in or about the middle of 2020 when he was fired by Defendant MOHAMED ALTAWIL.

30.     Defendants paid Plaintiff and the FLSA Collective Plaintiffs on a flat daily rate basis. For example, Defendants paid Plaintiff at a rate of $130 per day.

31.      Defendants treated Plaintiff and the FLSA Collective Plaintiffs as non-exempt employees.

32.     Plaintiff and each of the FLSA Collective Plaintiffs were non-exempt employees.

33.     Defendants regularly scheduled Plaintiff, and each of the FLSA Collective Plaintiffs, to work six days a week.

34.     Defendants regularly scheduled Plaintiff and each of the FLSA Collective Plaintiffs to work at least (10) hours per work-day, normally from 8:00 AM until 6:00 PM, except that on Saturdays they were scheduled to work from 7:00 AM until 6:00 PM and on Sundays they were scheduled to work from 8:00 AM until 5:00 PM.

35.     Plaintiff and the FLSA Collective Plaintiffs were not given meal breaks or lunch times, they were only able to take short breaks (that were often interrupted) to eat lunch.

36.     Plaintiff and the FLSA Collective Plaintiffs regularly worked before the start of their scheduled shifts – usually Defendants made Plaintiff start working about ten minutes before the start of his scheduled shift.

37.     Plaintiff and the FLSA Collective Plaintiffs regularly worked after the end of their scheduled shifts – at least three times a week Defendants made Plaintiff continue working until 6:30 to 6:45 PM, or later.

38.     Defendants never paid Plaintiff or the FLSA Collective Plaintiffs for the time they worked for Defendants before and after their scheduled hours of work.

39.     Defendants failed to keep accurate and sufficient time records as required by Federal and New York State law.

40.     Defendants failed to track, record, and/or pay Plaintiff and each of the FLSA Collective Plaintiffs for all of their hours worked.

41.     Defendants failed to pay any overtime premiums to Plaintiff and the FLSA Collective Plaintiffs.

42.     Defendants' practices resulted in Plaintiff and the FLSA Collective Plaintiffs regularly working more than forty (40) hours a week without being paid their earned overtime premiums, and in them not being compensated for all of the time they spent working for Defendants.

43.     Defendants profited from the unpaid extra hours worked by Plaintiff and the FLSA Collective Plaintiffs.

44.     Defendants failed to pay Plaintiff the spread of hours pay required by NYLL.

45.     Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

46.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

47.     Defendants' record keeping and notice violations prevented Plaintiff, and the FLSA Collective Plaintiffs, from knowing their legal rights and from figuring out how many hours Defendants did not pay them for.

48.     Defendants knew of, and/or showed reckless disregard for, the practices by which they illegally failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for all hours they worked in excess of forty (40) hours in a workweek.

49.     Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

50.     Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff and the FLSA Collective Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.     Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers assigned to work in/at Defendants' New York City poultry markets/slaughterhouses/stores, employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs."

52.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules of

willfully failing and refusing to pay them at least one-and-one-half (1-1/2) times their regular hourly rates of pay for work performed for Defendants in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

53.     Other non-exempt workers assigned to work in/at Defendants' New York City poultry markets/slaughterhouses/stores employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

54.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last addresses known to Defendants.

## **FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

55.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

56.     Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b).

57.     At all times relevant hereto, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

58.     At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the wages and overtime compensation owed to their employees for all hours worked, including hours worked in excess of forty (40) hours per workweek.

59.     At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutorily required overtime rates for hours worked in excess of forty (40) hours per workweek.

60.     Defendants' violations were willful and a three (3) year limitations period should apply under 29 U.S.C. § 255(a).

61.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damage in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself)**

62.     Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

63.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

64.     It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

65.     It is unlawful under New York law for an employer to suffer or permit an employee to work more than ten hours a day without paying them spread of hours pay.

10

66.     Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff for all hours worked <u>and</u> for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

67.     Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff required spread of hours pay in violation of the NYLL.

68.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

69.     Plaintiff seeks damages in the amount of his unpaid wages, unpaid overtime compensation, unpaid spread of hours pay, liquidated damages, pre-judgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

**(Failure to Provide Notices & Accurate Wage Statements – NYLL §§ 195(1) and (3), Brought by Plaintiff on Behalf of Himself)**

70.     Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth herein.

71.     Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1), containing Plaintiff's rate or rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

11

and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72.     Defendants have also willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

73.     Defendants violated NYLL **§§** 195(1) and (3) and consequently owe Plaintiff statutory damages as specified by NYLL §§ 198(1-b) and (1-d).

74.     Plaintiff seeks statutory damages as specified by NYLL §§ 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, prays for relief as follows:

(a)     Certification of this action as a collective action as it relates to the First Cause of Action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Designation of Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

(c)     An award of unpaid wages and overtime compensation and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(d)     Statutory damages under NYLL §§ 198(1-b) and (1-d), for violations of NYLL §§ 195(1) and (3);

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and NYLL § 663;

(g)     Pre-judgment and post-judgment interest, as provided by law; and

(h)     Such other legal and equitable relief as this Court deems necessary, just and proper.

Dated: July 26, 2022

HARRISON, HARRISON & ASSOCIATES, LTD.

_____/s/DAVID HARRISON_____
David Harrison, Esq.
Julie Salwen, Esq.
dharrison@nynjemploymentlaw.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorney for Plaintiff & FLSA Collective Members*